## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **BRIAN WARNER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**WALMART INC.; WAL-MART STORES EAST, LP; AND TORIN INC.,**<br><br>    **Defendants.** | **CIVIL ACTION NO.:**<br><br>**Jury Trial Demanded** |

## <u>COMPLAINT FOR DAMAGES</u>

Plaintiff Brian Warner hereby files this Complaint against Defendants Walmart Inc., Wal-Mart Stores East, LP, and Torin Inc., showing this Honorable Court and the jury as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      This action arises from severe injuries Plaintiff Brian Warner sustained after a defective hydraulic jack failed and caused a vehicle to fall on and crush his hand.

2.      Mr. Warner is a natural person and a citizen of the State of Georgia.

3.      Defendant Walmart Inc. ("Walmart") is incorporated under Delaware law and maintains its principal place of business in Arkansas.  Walmart is therefore a citizen of Delaware and Arkansas.

1

4.    Wal-Mart Stores East, LP ("Wal-Mart East") is a citizen of Arkansas and Delaware:

a.    Wal-Mart East is a limited partnership consisting of the following partners: WSE Management, LLC and WSE Investment, LLC.

b.    The sole member of both partners (WSE Management and WSE Investment) is Wal-Mart Stores East, LLC, which is a wholly owned subsidiary of Walmart Inc.  Walmart Inc. is registered under Delaware law and maintains its principal place of business in Arkansas.

5.    Defendant Torin Inc. is a foreign corporation incorporated under the laws of California with its principal place of business in Ontario, California. Torin Inc. is therefore a citizen of California for purposes of 28 U.S.C. § 1332.

6.    Complete diversity exists between the parties for the purposes of 28 U.S.C. § 1332 because Mr. Warner a citizen of Georgia, and the defendants are citizens of Delaware, Arkansas, and California.

7.    The amount in controversy exceeds $75,000.00.  Mr. Warner sustained severe fracture injuries, required surgery, and will endure permanent disfigurement and pain and suffering as a result of the incident described below.  He also seeks punitive damages, which can be considered in assessing the amount in controversy.

8.      This Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Walmart and Wal-Mart East are both registered to do business in Georgia and are therefore subject to general personal jurisdiction in this Court.

10.      This Court also has specific personal jurisdiction over Walmart and Wal-Mart East for the claims asserted in this Complaint.  Defendants have purposefully availed themselves of the laws of Georgia by maintaining substantial presences in the state.  Walmart Inc. extensively advertises the Walmart brand in Georgia and throughout the United States.  There are over 4,500 Walmart stores in the country and more than 180 in Georgia.   The jack at issue is (and was at the relevant time) sold on Walmart's website.  Wal-Mart East owns and operates the physical Wal-Mart stores in several states, including Georgia, Florida, and Alabama. It maintains 180 stores in Georgia and regularly sells goods in Georgia.  Mr. Warner was injured by a product that was purchased from a Walmart store.  His resulting injuries relate to Walmart's and Wal-Mart East's activities in Georgia.  This Court therefore has specific personal jurisdiction over both Walmart and Wal-Mart East.

11.      This Court also has specific personal jurisdiction over Torin, which purposefully avails itself of the Georgia market. Torin designs, produces, manufacturers, imports, distributes, and sells automotive jacks and related

equipment throughout the United States, including Georgia, by marketing and selling its products to Georgia consumers through national retail outlets such as Walmart. Torin places its products into the stream of commerce with the expectation that they will be purchased and used in Georgia, derives substantial revenue from sales in Georgia, and designed, manufactured, labeled, imported, and distributed the product at issue with knowledge and intent that it would be sold in Georgia. Mr. Warner's injuries related to these activities in Georgia. This Court therefore has specific personal jurisdiction over Torin.

12.    Venue is proper in the Northern District of Georgia, Atlanta division under 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B)(3) because the events giving rise to this action occurred in Fulton County, Georgia.

13.    If an entity or person other than those named in this Complaint designed, manufactured, produced, assembled, imported, distributed, sold, or otherwise played a role in bringing the subject Jack to its first consumer sale, those entities are hereby on notice that, but for a mistake concerning the identity of the proper party, this action would have been brought against them.

## FACTS

14.    Mr. Warner's girlfriend purchased the subject jack, a Torin-brand 2½ Ton Capacity Professional Low Profile Service Jack (the "Jack"), from a Walmart store in Georgia.

15.    Mr. Warner lived with his girlfriend, the buyer of the subject Jack, at the time of purchase and was therefore a member of the buyer's household.

16.    Labeling on the Jack indicates that it was manufactured in 2017.

17.    Defendant Torin is the United States importer, distributor, and brand owner for automotive jacks and lifting equipment manufactured, including the subject Jack. Its online marketing materials state that "Torin . . . has more than 40 years of experience in developing, manufacturing and selling various hydraulic jacks," and that it "is the biggest jack manufacturer in the world." Its website also states:

**BRAND STORY**

## About Torin Inc.

Founded in 1995, Torin Inc. produces quality automotive products for service professionals. As a manufacturer, a marketer and a developer of automotive maintenance equipment and automotive products, we strive to provide our customers with the highest level of customer service and quality products.

18.    Torin designed and manufactured the subject Jack or was sufficiently involved in the Jack's design, manufacture, and production to be considered a manufacturer under Georgia law. Torin also imported the subject Jack and sold it to Walmart for distribution to Walmart stores. Additionally, Torin marketed the Torin-brand 2½ Ton Capacity Professional Low Profile Service Jack and other substantially similar models to customers in the United States, and specifically in Georgia.

19.     Defendant Walmart was the distributor of the subject Jack.  It also owns, operates, controls, moderates, and otherwise runs the website Walmart.com and did so at the time of purchase.

20.     Defendant Wal-Mart East owns, operates, and controls the store from which the Jack was purchased and did so at the time of that purchase.

21.     On September 19, 2023, Mr. Warner was using the subject Jack to perform routine maintenance to a vehicle.  He had experience using hydraulic floor jacks and was using the subject Jack in a correct, safe, and proper manner and in accordance with the instructions.

22.     Suddenly and without warning, the Jack failed and spontaneously lowered, causing the vehicle to land on Mr. Warner's fingers and hand.

23.     Mr. Warner sustained severe injuries and suffered permanent physical injury, pain, suffering, disfigurement, medical expenses, lost earnings, and other damages as a result of the defective Jack.

24.     Mr. Warner has incurred at least $74,224.17 in medical expenses. Additionally, Mr. Warner will sustain additional future medical expenses as a result of his injuries.  He expressly reserves the right to supplement or amend this figure to reflect additional medical expenses, future treatment costs, and other economic damages as they become known.

## COUNT I: NEGLIGENCE
### Against all Defendants

25.    Mr. Warner adopts and incorporates the allegations in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.    The subject Jack was defectively designed, unreasonably dangerous, and prone to fail during ordinary, foreseeable, and reasonable use.

27.    The defect at issue existed when the subject Jack left Defendants' control.

28.    At all times relevant to this Complaint, Defendants had prior notice that the subject Jack was defective, unreasonably dangerous, and/or prone to fail during ordinary, foreseeable, and reasonable use.  Both the model of the subject Jack and similar Torin-branded jacks, including those sold under the Big Red and Black Jack brands, have generated consumer complaints and customer reviews about "bleeding down" or failure to hold a load, putting Defendants on notice of the defects.  Many of these reviews were posted on Walmart.com.  These complaints and reviews were issued before the subject Jack left Defendants' control.

29.    Defendants therefore knew or should have known that the Jack was defectively designed and unreasonably dangerous.  Accordingly, Defendants had a duty to warn, discontinue, redesign, or otherwise exercise reasonable care to prevent injury to users, including Mr. Warner, from sustaining serious injuries.

30. Despite this actual constructive knowledge, Defendants failed to exercise reasonable care to prevent injuries, including Mr. Warner's injuries.

31. Had Mr. Warner been warned about the danger, he would not have used the subject Jack.

32. But for Defendants breach of their duty to exercise reasonable care to prevent injury caused by a defect of which they had notice, Mr. Warner would not have been injured.

33. Defendants' breaches of duty proximately caused Mr. Warner's injuries.

## COUNT II: BREACH OF IMPLIED WARRANTY
### Against Defendants Walmart or, alternatively, Wal-Mart East

34. Mr. Warner adopts and incorporates the allegations in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

35. Both Walmart and Wal-Mart East deal in selling the jack at issue and are therefore merchants with respect to goods of the kind.

36. Either Walmart or Wal-Mart East was the "seller" of the subject Jack.

37. The Jack was not merchantable because it was not fit for the ordinary purpose for which it was to be used.

38. Mr. Warner is in privity with Walmart and Wal-Mart East because he was a member of the buyer's household at the time of purchase

8

39. The problems with the Jack existed when it left Walmart's and Wal-Mart East's control.

40. Walmart or, alternatively, Wal-Mart East therefore breached the implied warranty of merchantability by selling a defective and unmerchantable product.

41. These defendants have been placed on notice of the breach of warranty.

42. But for these defendants' breaches of the implied warranty, Mr. Warner would not have been injured.

43. These defendants' breaches proximately caused Mr. Warner's injuries.

## COUNT III: PRODUCT LIABILITY
### Against Defendant Torin Inc.

44. Mr. Warner adopts and incorporates the allegations in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

45. The Jack was defectively designed and unreasonably dangerous in that it was prone to failure during ordinary and foreseeable use.

46. Several safer alternative designs for the Jack existed and could have been implemented before the Jack was purchased.

47. Alternatively, the subject Jack contained a manufacturing defect that rendered it unreasonably dangerous.

48. Torin Inc. was the manufacturer and/or exercised sufficient control over the Jack's design, manufacturing, and/or production to be considered a manufacturer under Georgia law.

49. But for the defect, Mr. Warner would not have been injured.

50. The defect proximately caused Mr. Warner's injuries.

### COUNT IV: PUNITIVE DAMAGES
### Against all Defendants

51. Mr. Warner adopts and incorporates the allegations in Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Defendants were aware of the danger of the Jack before it was purchased and before Mr. Warner was injured. Reviews on Walmart.com and on websites for other retails specifically mention the jack's propensity to fail during use. Despite their awareness, Defendants have done nothing to prevent consumers from sustaining severe injuries.

53. It goes without saying that a defective device such as defective floor Jack could not only severely injure or kill a person using it, but could also gravely injure or kill persons that happen to be near the lifted vehicle at the time of failure, including children.

54. Defendants' actions and omissions constituted willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to consequences.

10

55.     Because this is a product liability case, Georgia's statutory cap on punitive damages does not apply.

56.     Mr. Warner is entitled to punitive damages awards against both Defendants in amounts expressed in monetary terms sufficient to penalize, punish, and deter Defendants from engaging in similar conduct in the future, and to be determined by the enlightened conscience of the jury.

## COUNT V: ATTORNEY'S FEES
### Against all Defendants

57.     Mr. Warner adopts and incorporates the allegations in Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Defendants were aware of the danger of the Jack before it was purchased and before Mr. Warner was injured.  Reviews on Walmart.com and on websites for other retails specifically mention the jack's propensity to fail during use.  Despite their awareness, Defendants have done nothing to prevent consumers from sustaining severe injuries.

59.     It goes without saying that a defective device such as defective floor Jack could not only severely injure or kill a person using it, but could also gravely injure or kill persons that happen to be near the lifted vehicle at the time of failure, including children.

60.     Defendants have therefore acted in bad faith, been stubbornly litigious, and have caused Mr. Warner unnecessary trouble and expense.

61. Mr. Warner is therefore entitled to recover his attorney's fees and litigation expenses under O.C.G.A. § 13-6-11.

## DAMAGES

62. As a direct and proximate result of Defendants acts and omissions, Mr. Warner has:

a. Sustained serious, painful injuries for which he has obtained medical treatment;

b. Suffered permanent scarring and disfiguration;

c. Incurred special damages, including medical expenses;

d. Incurred general damages, including emotional, mental, and physical pain and suffering due to bodily injuries, personal inconvenience, and a reduction in his inability to lead a normal life;

e. Will be required to undergo additional and continued medical treatment and to incur additional and continued medical costs and expenses for his significant injuries, and pain and suffering;

f. Has incurred attorneys' fees and litigation expenses; and

g. Was otherwise hurt, injured, and caused to sustain losses.

63. By reason of the foregoing, Mr. Warner is entitled to recover compensatory damages, punitive damages, attorney's fees, and expenses from the Defendants in an amount to be proven at trial by a jury of his peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That process be issued and Defendants be served with Summons and a copy of this Complaint according to law;

2.     That judgment be granted in favor of the Plaintiff and against the Defendants for special and general damages, and punitive damages all in an amount to be determined by the enlightened conscience of a fair and impartial jury;

3.     That Plaintiff have a trial by jury;

4.     That all costs of this action be taxed against Defendants;

5.     That Plaintiff be awarded his attorneys' fees;

6.     That Plaintiff has such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

*/s/ **Derek Rajavuori***
Derek S. Rajavuori
Georgia Bar No. 577647
**DSR Law, LLC**
6075 Barfield Road
Suite 3300
Sandy Springs, Georgia 30328
678-916-6893
derek@dsrlawyer.com

*Attorney for Plaintiff*

13